Catron, Ch. J.
delivered the opinion of the court.
The main question in this cause is, whether the deed of gift, by virtue of which plaintiff claims title to the negro sued for, was properly admitted as evidence to the jury-
It was made in 1824, from the plaintiff’s father to him, and purports to have had three witnesses to it. At *169 May term, 1824, it was proved in the Sumner county court, by Edwárd Elliff, one of the subscribing witnesses, and certified for registration; and on the first of July, 1824, on this probate, registered. An office copy was offered, objected to because proved by one witness only, but received. Was the proof of one witness sufficient to authorize the registration?
The first act requiring two witnesses to instruments required to be registered, is that of 1805, ch. 16, sec. 2, which applies to the settlement of slaves, or other personal property, in consideration of marriage.
The act of 1807, ch. 85, sec. 3, is, in this case, the governing provision. In the mode of proof to authorize registration, there had been no difference in cases of transfers of lands or slaves, before 1807, and it is manifest the act of that year did not intend to make any.
As to lands, it is clear, two witnesses are required; the deed is to be proven by at least two subscribing witnesses, “and all bills of sale or other instruments of writing for the transfer of personal property, shall be so proven.”
The seventh section provides for the registration of deeds theretofore made on the proof of only one witness, because, until 1805, in no case had more than one been required.
The proof by one witness did not authorize the registration of the deed; consequently the copy offered in evidence, was incompetent to go to the jury.
The judgment will be reversed, and the cause remanded for another trial.
Judgment reversed.